UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES GOLDBERG,<br>    Plaintiff,<br><br>    v.<br><br>TOWN OF GLASTONBURY, MICHAEL FURLONG, KENNETH LEE, and SIMON BARRATT<br>    Defendants. | No. 3:07cv1733 (SRU) |

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

James Goldberg, the plaintiff, moves for reconsideration of my oral order denying his motion to supplement the record with audiotapes and/or transcripts of phone calls made to the Glastonbury Police Department ("GPD") and dispatches by the GPD to its officers on the night of June 21, 2007. That oral ruling was made on September 17, 2010, at an argument where I also orally granted summary judgment for the defendants and denied Goldberg's cross-motion for summary judgment. I assume familiarity with the facts discussed and the decision rendered at the September 17, 2010 oral argument. *See* Sept. 17, 2010 Tr. (doc. # 56).

The standard for granting motions for reconsideration is strict. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to re-litigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

Goldberg contends that I should reconsider my denial of his motion to supplement the record in order to prevent a manifest injustice. His motion fails for at least two reasons, however. First, a motion for reconsideration is generally inappropriate to introduce new evidence that was discoverable and could have been submitted previously in the litigation. *See Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996) (holding that district court did not abuse its discretion by refusing to receive evidence when party could "have provided the information at an earlier stage" (quotation omitted)). Goldberg had the audiotapes and/or transcripts in his possession but failed to include them in his summary judgment briefing, when they should have been submitted for the court's consideration.

The second and more compelling reason for denying Goldberg's motion is that the audiotapes and/or transcripts are irrelevant to his claims against the Town of Glastonbury and the arresting officers. As I explained at oral argument,

> What matters is what the police officers knew. The police officers, I think it's undisputed, did not hear the 911 call. What they heard was the dispatch sending them there. So that's what matters in terms of the information available to them. The other thing that matters in terms of being available to them is what they were told at the scene by the manager. Again, that's not going to — that's not going to be disclosed by what's in the 911 call. So, as far as I can tell, the 911 call is irrelevant. . . .
>
> [T]he point is not what's said in the 911 call but the fact that a 911 call results in police being dispatched to a place where there's a man with a gun. That's what matters, because those police officers are arriving at a place where they understand the 911 operator's been called because there's a man with a gun and that the restaurant has taken measures to protect the safety of its patrons and when they arrive they learn that the manager is upset and apprehensive and concerned and feels threatened.

Sept. 17, 2010 Tr. 37-38.

What was said on the 911 phone calls is not germane to the Fourth Amendment analysis.

*See United States v. Colon*, 250 F.3d 130, 138 (2d Cir. 2001) (holding that information learned by dispatcher but not communicated to arresting officers cannot be imputed to arresting officers for Fourth Amendment purposes). Rather, only the arresting officers' knowledge, based on what the dispatcher told them and what they observed at the scene, is relevant to Goldberg's claim. At most, the introduction of the audiotapes and/or transcripts would show that the dispatcher did not tell the arresting officers that the restaurant manager had cleared people out of the takeout area where Goldberg was sitting. That, however, is insufficient to overcome the other evidence in the record establishing arguable reasonable suspicion to perform the *Terry* stop: the 911 dispatch describing the complaint and the suspect's description, the dispatch that the caller was upset, the officers' observation of Goldberg and his weapon, and, based on the absence of patrons or employees, the appearance that the takeout area had been evacuated.

For those reasons, Goldberg's motion for reconsideration (doc. # 57) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of November 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge